```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION

CAROLINA CASUALTY INSURANCE      §
COMPANY,                         §
                                 §
     Plaintiff-                  §
     counterdefendant,           §
                                 § Civil Action No. 3:07-CV-1783-D
VS.                              §
                                 §
JAMES E. SOWELL, et al.,         §
                                 §
     Defendants-                 §
     counterplaintiffs.          §
```

MEMORANDUM OPINION
AND ORDER

Plaintiff-counterdefendant Carolina Casualty Insurance Co. ("Carolina") moves the court under Fed. R. Civ. P. 59(e) to alter or amend the judgment entered in this case on February 17, 2009, asking the court to address an additional pleading filed on February 3, 2009 in one of the Underlying Lawsuits that is the subject of this litigation. Alternatively, Carolina requests leave to reopen the case so that it can file a supplemental complaint and file a supplemental motion for summary judgment that address the additional pleading. The court denies the motion.

I

The relevant background facts and procedural history of this case are set out in the court's summary judgment opinion and need not be repeated at length. *See Carolina Cas. Ins. Co. v. Sowell*, ___ F.Supp.2d ___, 2009 WL 382621, at *1-*4 (N.D. Tex. Feb. 17, 2009) (Fitzwater, C.J.) ("*Carolina I*"). Insofar as pertinent to

Carolina's present motion, the court held in *Carolina I* that Carolina has no duty to defend or indemnify defendants in the Underlying Lawsuits, one of which the court referred to as *Doussan Properties, L.L.C. v. Doussan Gas & Supply, L.L.C.*, No. 07-5508 (E.D. La. removed Sept. 11, 2007) (the "*Orleans Parish Lawsuit*"). Carolina points out that, on December 17, 2008, after the parties' summary judgment motions had been fully briefed and were pending for decision, the United States District Court for the Eastern District of Louisiana remanded the *Orleans Parish Lawsuit* to state court.[1] Following the remand, Doussan Properties, L.L.C. filed on February 3, 2009 a second amended and supplemental petition for damages and demand for trial by jury ("second amended petition"). On February 5, 2009 Carolina's counsel received from counsel for certain defendants-counterplaintiffs in this case a copy of the second amended petition.[2] Carolina posits that this court's judgment in *Carolina I*──which referred to the *Orleans Parish Lawsuit* as if it were still pending in the Eastern District of Louisiana and did not address the February 3, 2009 second amended petition──could arguably be read to apply to the *Orleans Parish Lawsuit*. But it maintains that, because the court did not have the

---

[1] Carolina also notes that the case caption changed. P. Br. 2. But it acknowledges that it is not seeking relief based solely on the remand of the case. *See id.*

[2] The copy was provided as a supplement to Fed. R. Civ. P. 26 disclosures.

- 2 -

opportunity to review the second amended petition, and the current caption of that case (i.e., as it reads in the Louisiana state court) is not referenced in the judgment, the court's opinion and judgment in *Carolina I* should be amended to clarify that they apply to the *Orleans Parish Lawsuit*, notwithstanding the remand and the recent filing of the second amended petition.

II

A

In deciding Carolina's declaratory judgment action in *Carolina I*, the court was ruling on the Underlying Lawsuits as they were pleaded at the time the parties filed their complaints and counterclaims and at the time the summary judgment briefing was concluded. The court did not have before it the February 3, 2009 second amended petition filed in the *Orleans Parish Lawsuit*, which was neither the explicit subject of Carolina's complaint in this case nor of the parties' cross-motions for summary judgment. While the court does not suggest that its reasoning in *Carolina I* is inapplicable to all aspects of the *Orleans Parish Lawsuit* in its present form, it cannot say on the present Rule 59(e) briefing that it *is* applicable to all aspects of the case. The court simply had no occasion in *Carolina I* to address the *Orleans Parish Lawsuit* as pleaded following the remand to state court. If a dispute arises over whether the court's ruling in *Carolina I* applies equally to the remanded case and to the February 3, 2009 second amended

petition—and it is not clear at this point whether one will—Carolina can bring another suit in this court seeking appropriate declaratory relief. The court declines to revisit this case now based on events that were not the subject of Carolina's complaint, the counterclaims, or the summary judgment briefing.

The court also declines to amend the judgment in *Carolina I* to refer to the remanded case by its caption rather than to the removed *Orleans Parish Lawsuit*. Had the remanded case not potentially been affected by the filing of the February 3, 2009 second amended petition, the court could perhaps amend the judgment as a sort of ministerial act, correcting a defect in form caused by a remand that occurred after the summary judgment motions were fully briefed, and of which the court was unaware. But the court cannot simply amend the judgment to refer to the remanded *Orleans Parish Lawsuit* without considering the potential impact of the February 3, 2009 second amended petition. If the court did so, it would necessarily be holding that Carolina has no duty to defend or indemnify in the remanded case, despite the potential impact of the second amended petition. Without suggesting that the second amended petition *would* affect the court's decision, the court cannot say that it would not. And because the court cannot do so, amending the judgment is not a viable option.

B

Alternatively, Carolina asks the court for leave to file a supplemental complaint to add the February 3, 2009 second amended petition and for leave to file a supplemental motion for summary judgment to address the new pleading. The court also denies this request.

As noted, the *Orleans Parish Lawsuit* was remanded and the second amended petition was filed after the summary judgment motions were fully briefed. Neither event was brought to the court's attention before it filed its decision in *Carolina I*. It is uncertain whether the parties will dispute the applicability of the court's ruling in *Carolina I* to the *Orleans Parish Lawsuit* as it stands following the filing of the second amended petition. But if a dispute does arise, and if it presents a question that involves, as Carolina seems to believe, a straightforward application of *Carolina I*, Carolina can file a separate declaratory judgment action that would likely be subject to streamlined procedures and a prompt resolution. *See* Rule 16(c)(2)(A) and (P).

C

In their response to Carolina's motion, defendants-counterplaintiffs seek alternative relief. All such requested relief is denied.

\*     \*     \*

Carolina's March 3, 2009 motion to amend judgment under Rule 59(e) or, alternatively, to reopen case is denied.

**SO ORDERED.**

April 16, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE